## Case No. 931.

### BANK OF THE UNITED STATES v. NORTHUMBERLAND BANK et al.

[4 Wash. C. C. 108;[1] 4 Conn. 333.]

Circuit Court, E. D. Pennsylvania. April Term, 1821.

FEDERAL COURTS—JURISDICTION—FEDERAL QUESTION—BANK OF UNITED STATES.

The plaintiffs are a corporation established by law of the United States; the defendants are a corporation established by an act of the legislature of Pennsylvania. This is a case arising under an act of congress which incorporated the Bank of the United States, and the suit may be maintained in this court.

[Cited in Fisk v. Union Pac. R. Co., Case No. 4,827.]

[See Osborn v. Bank of U. S., 9 Wheat. (22 U. S.) 816; Pacific Railroad Removal Cases, 115 U. S. 1, 5 Sup. Ct. 1113.]

[At law. Action by the Bank of the United States against the Northumberland, Union, and Columbia Banks. Judgment for plaintiffs.]

WASHINGTON, Circuit Justice. This cause comes before the court upon an agreement of counsel that judgment should be entered for the plaintiffs for $2,981 23 cents, subject to the opinion of the court on the question, "whether the plaintiffs, being a corporation established by congress, within the city of Philadelphia, can maintain a suit in this court against the defendants, being a corporation established by an act of the legislature of this state, within the jurisdiction of

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

the same, and transacting business therein." By the second section of the third article of the constitution of the United States, it is declared, "that the judicial power of the United States shall extend to all cases in law and equity arising under this constitution, the laws of the United States and treaties made, or which shall be made, under their authority; to all cases affecting ambassadors and other public ministers and consuls; to all cases of admiralty and maritime jurisdiction; to controversies to which the United States shall be a party; to controversies between two or more states; between a state and citizens of another state; between citizens of different states; between citizens of the same state, claiming lands under grants from different states; and between a state or citizens thereof, and foreign states, citizens, or subjects." The exercise of these judicial powers is, by the first section of the same article, vested "in one supreme court, and in such inferior courts as congress may from time to time ordain and establish." That portion of jurisdiction intended for the supreme court, is not left to be assigned by congress; but is bestowed upon it by the same article. As to the residue of the judicial powers, that was to be distributed amongst the inferior courts which congress might establish, in such proportions as that body, in its wisdom, should think best. The first judiciary act passed by congress, in the year 1789, created two courts, the circuit and district, within each state, on each of which a certain portion of the judicial authority was conferred. To the circuit courts was assigned original cognizance, concurrent with the state courts, of all suits of a civil nature, at common law or in equity, of a certain value, and the United States are plaintiffs, or an alien is a party, or the suit is between a citizen of the state where the suit is brought, and a citizen of another state. Cognizance in certain criminal cases is also conferred on the circuit court by this section, as well as in cases of appeals from the district courts respectively. It will be observed that this section bestows upon the circuit courts original jurisdiction only in civil suits at common law, and in equity, where the value in dispute exceeds the sum or value of $500, and where the parties to the suit are the United States, aliens, or citizens of different states. Cognizance of cases arising under the constitution, laws of the United States, or treaties, is not assigned by the act to either of the courts which it establishes; and, consequently, neither of them could take jurisdiction in those cases, since the article of the constitution, above recited, leaves to congress the distribution of the judicial powers, not assigned to the supreme court, amongst the inferior courts which that body might ordain. The power therefore not bestowed upon those courts by legislative provision, remained dormant, until some law should call them into action, by designating the particular tribunal which should be authorised to exercise them. Jurisdiction in cases arising under the constitution, laws of the United States, and treaties, is not limited by the above article either as to sum, or by the citizenship of the parties to the suit, but is independent of those restrictions, unless congress should impose them. Thus, if an act of congress should provide that all cases in law and equity arising under the constitution, laws of the United States, and treaties, should be heard and decided by the circuit, or district courts, without any qualification whatever; there could be no doubt in my mind that the court, to which this jurisdiction should be so assigned, might exercise it, though the plaintiff and defendant should be citizens of the same state, and let the sum in controversy be what it might. But congress might grant to those courts only a part of the general jurisdiction in those cases, by limiting it to a certain sum, or description of suitors, reserving the residue for future distribution, if it should so please that body to make the grant.

It follows from what has been said, that when cognizance of cases arising under a law of the United States, is given to the circuit court without limitation, as it is in patent and copyright cases; the value in dispute, and the citizenship of the suitors, have nothing to do with the jurisdiction of the court. That this is a case arising under a law or laws of the United States, is unquestionable. It never could have arisen, if the legislature, in the exercise of its constitutional authority, had not incorporated the Bank of the United States.

The jurisdiction of this court over the case, is given by that section of the law of incorporation, which authorizes the corporate body to sue and be sued, &c., in all state courts having competent jurisdiction, and in any circuit court of the United States. I have thus endeavoured, in as few words as possible, to express, what is much better expressed by the circuit court of Kentucky in the case of this Bank of U. S. v. Roberts, [Case No. 934.] In giving this opinion upon the question of jurisdiction so arising in this case, I refer with great satisfaction to the opinion in that case upon this subject, for the purpose of declaring my entire concurrence. Judgment for plaintiffs.